**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KARTAR SINGH, | No. 09-72897 |
| Petitioner, | Agency No. A079-561-230 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 12, 2013[**]

Before:     PREGERSON, REINHARDT, and W. FLETCHER, Circuit Judges.

Kartar Singh, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We grant the petition for review and remand.

Because the BIA found Singh established past persecution, the government had the burden to establish by a preponderance of the evidence that Singh could avoid future persecution. *See* 8 C.F.R. §§ 1208.13(b)(1)(ii), 1208.16(b)(1)(ii). In evaluating changed country conditions, the BIA relied largely on evidence relating generally to Sikhs and to Akali Dal Mann members or supporters and also found that Singh was unlikely to be perceived as a hard-core militant based on driving a truck for Akali Dal Mann. However, the police repeatedly accused Singh of involvement with militants, during both of his detentions in the Punjab and Jammu and when the Punjab police visited his family's home looking for him after he was released from detention in Jammu. Further, his testimony indicates he is the subject of ongoing police interest. As the BIA did not take these circumstances into account, we grant the petition for review and remand Singh's asylum, withholding of removal, and CAT claims for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam); *Lopez v. Ashcroft*, 366 F.3d 799, 805-07 (9th Cir. 2004) (stating BIA must provide individualized analysis of how changed conditions affect specific petitioner's

situation and remanding where BIA determination was not sufficiently individualized).

**PETITION FOR REVIEW GRANTED; REMANDED.**